1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10
11   GREGORY CLARK,                    )    NO. CV 11-03016 AGR
12              Plaintiff,              )
                                        )
13              v.                      )
                                        )    MEMORANDUM OPINION AND
14   MICHAEL J. ASTRUE,                 )    ORDER
     Commissioner of Social Security,   )
15                                      )
16              Defendant.              )
                                        )
17   _____)

18        Plaintiff Gregory Clark filed this action on April 18, 2011.  Pursuant to 28

19   U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on

20   June 9, 2011 and February 27, 2012.  (Dkt. Nos. 8, 15.)  On February 16, 2012,

21   the parties filed a Joint Stipulation ("JS") that addressed the disputed issues.  The

22   court has taken the matter under submission without oral argument.

23        Having reviewed the entire file, the court remands this matter to the

24   Commissioner for proceedings consistent with this Opinion.

25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**I.**

## PROCEDURAL BACKGROUND

On July 24, 2007, Clark filed an application for supplemental security income ("SSI"), alleging a disability onset date of July 1, 2006.  Administrative Record ("AR") 16, 93-96.  The application was denied initially and on reconsideration.  AR 16, 64-65.  On August 18, 2008, the ALJ conducted a hearing at which Clark, his daughter, and a vocational expert testified.  AR 44-63. On November 25, 2008, the ALJ issued a decision denying benefits.  AR 13-24. On February 19, 2009, March 24, 2009, April 1, 2009, and July 6, 2010, Clark submitted additional evidence to the Appeals Council.  AR 5, 434-594.  On January 10, 2011, the Appeals Counsel denied Clark's request for review.  AR 2-5.  This action followed.

**II.**

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (*per curiam*); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.

### DISCUSSION

#### A.    Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

#### B.    The ALJ's Findings

The ALJ found that Clark had the severe impairments of depression and personality disorder.  AR 18.  Clark had the residual functional capacity to perform a full range of work at all exertional levels.  He had "mild-to moderate limitations in understanding and remembering tasks, sustaining concentration and persistence, socially interacting with the general public and adapting to workplace changes." *Id.*  Clark has no past relevant work, but there are jobs that exist in significant numbers in the national economy that Clark can perform such as janitor, assembler, packager and inspector.  AR 22-23.

#### C.    Treating Psychiatrist

Clark apparently filed a subsequent application for SSI benefits on February 27, 2009.  On July 15, 2011, a different ALJ found that Clark was disabled as of February 27, 2009, the date of that application.  (Exh. 1 at 5 to JS, Dkt. No. 14-1.)[1]  The ALJ found Clark had the severe impairments of post-traumatic stress disorder, panic disorder, antisocial traits and back injury.  *Id.* at 7.  With respect to Clark's mental restrictions, the ALJ found Clark had "moderate

---

[1]  The page number citations to Exhibit 1 refer to the page numbers generated by the court's CM/ECF system in the header.

1
2
3
4
5
6
7
8

impairment in attention and concentration occurring as much as 1/2 of an 8-hour day and that would cause the claimant to need prompting to get back on task at least hourly, and is limited to simple and repetitive tasks with no contact with the public or coworkers and can only do solitary work." *Id.*  The ALJ relied upon the opinions of Clark's treating psychiatrists, namely, an opinion dated September 8, 2009 by Dr. Bogost and an opinion dated April 22, 2011 by Dr. Osden, who treated Clark since March 2011. *Id.* at 7-8.  That ALJ found Clark's statements to be "generally credible." *Id.* at 8.

9
10
11
12

In this case, the ALJ's decision that forms the basis of the complaint was dated November 25, 2008.  AR 13.  Based on the record before him, the ALJ stated Clark "has not received treatment by a psychiatrist, psychologist or other mental health professional."  AR 22.

13
14
15
16
17
18
19
20

Clark subsequently submitted to the Appeals Council additional medical records for the period July 2008-June 2010, and a Mental Work Restriction Questionnaire from Dr. Bogost dated March 19, 2009.  AR 5, 569-77.  The Appeals Council made the submissions part of the record.  AR 5.  On the Questionnaire, Dr. Bogost indicated Clark had been treated by Antelope Valley Mental Health since August 1, 2008, and specifically by Dr. Bogost since October 23, 2008.  AR 571; *see* AR 457-59 (treatment notes dated October 2008 - February 2009).

21
22

The Appeals Council gave Dr. Bogost's opinion "no weight" because it was "unsupported by any objective clinical findings or test results."[2]  AR 3.

23
24
25
26
27
28

_____

[2]  Under 20 C.F.R. § 404.970(b):

If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision.  The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision.  It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of

4

1   Clark argues that "the only issue in this case is how early the treatment

2   notes support disability." (JS at 5.) Clark contends the court should credit as

3   true Dr. Bogost's March 2009 opinion.

4   "When the Appeals Council denies a request for review, it is a non-final

5   agency action not subject to judicial review because the ALJ's decision becomes

6   the final decision of the Commissioner." *Taylor v. Comm'r of SSA*, 659 F.3d

7   1228, 1231 (9th Cir. 2011). The reviewing court's role is "to determine whether,

8   in light of the record as a whole, the ALJ's decision was supported by substantial

9   evidence and was free of legal error." *Id.* at 1232 (citing *Ramirez v. Shalala*, 8

10  F.3d 1449, 1451-54 (9th Cir. 1993)). In doing so, the reviewing court considers

11  both the ALJ's decision and the additional material submitted to the Appeals

12  Council. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1030 n.2 (9th Cir. 2007).

13  An opinion of a treating physician is given more weight than the opinion of

14  non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). To

15  reject an uncontradicted opinion of a treating physician, an ALJ must state clear

16  and convincing reasons that are supported by substantial evidence. *Bayliss v.*

17  *Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). When a treating physician's

18  opinion is contradicted by another doctor, "the ALJ may not reject this opinion

19  without providing specific and legitimate reasons supported by substantial

20  evidence in the record. This can be done by setting out a detailed and thorough

21  summary of the facts and conflicting clinical evidence, stating his interpretation

22  thereof, and making findings." *Orn*, 495 F.3d at 632 (citations and quotation

23  marks omitted). "When there is conflicting medical evidence, the Secretary must

24  determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d

25  947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

26

27  _____

28   the evidence currently of record.

5

1     Dr. Bogost diagnosed post traumatic stress disorder (chronic) and

2     assessed a Global Assessment of Functioning ("GAF") of 40.[3]  AR 577.  Clark

3     suffered from depression, auditory hallucinations, blackouts, mood swings,

4     insomnia, paranoia, anxiety, anger, and a constrictive affect.  AR 571.  Clark was

5     severely impaired in his ability to remember work like procedures, understand

6     and remember short and simple instructions, carry out short and simple

7     instructions, maintain attention for 2 hour segments, maintain regular attendance

8     and be punctual, work in coordination with or in close proximity to other people

9     without being distracted by them, make simple work-related decisions, complete

10    a normal work day without interruptions from psychologically based symptoms,

11    perform at a consistent pace without an unreasonable number of and length of

12    rest periods, get along with co-workers or peers without distracting them or

13    exhibiting behavioral extremes, respond appropriately to changes in a work

14    setting, and be aware of normal hazards and take appropriate precautions.  AR

15    571-72.  Clark was markedly impaired in his ability to sustain an ordinary routine

16    without special supervision, and accept instructions and respond appropriately to

17    criticism from supervisors.  *Id.*  Clark's prognosis was "poor."  *Id.*

18         Dr. Bogost noted that, at the time, there was no "psych testing done by

19    Antelope Valley Mental Health."  *Id.*  Dr. Bogost cited, however, the results of a

20    mental status examination.  AR 575.  The Antelope Valley Mental Health records

21

22

23

24

25   _____

26    [3]  A GAF of 40 indicates "Some impairment in reality testing or
     communication (e.g., speech is at time illogical, obscure, or irrelevant) or major
27    impairment in several areas, such as work or school, family relations, judgment,
     thinking, or mood (e.g., depressed man avoids friends, neglects family, and is
     unable to work . . .)."  American Psychiatric Association, Diagnostic and Statistical
28    Manual of Mental Disorders 34 (4th ed. Text Revision 2000) ("DSM-IV-TR").

contain a mental status evaluation by social workers dated August 2008.[4]  AR

439-40.

    This matter must be remanded for the ALJ to consider Dr. Bogost's opinion

and the mental health records, including mental status examinations, for the

period beginning August 2008.[5]  The ALJ's decision, which was predicated on

the absence of any treatment by a psychiatrist, psychologist or other mental

health professional, is no longer supported by substantial evidence in light of the

records submitted to the Appeals Council.

    **D.  Credibility**

    Clark contends the ALJ failed to provide clear and convincing reasons to

reject his subjective complaints.

---

    [4]  The August 2008 mental status evaluation assessed a GAF of 42.  AR
440.  A GAF of 41-50 indicates "Serious symptoms (e.g., suicidal ideation, severe
obsessional rituals, frequent shoplifting) or any serious impairment in social,
occupational, or school functioning (e.g., few friends, conflicts with pers or co-
workers)."  DSM-IV-TR at 34.

    [5]  Clark was diagnosed with depression, dysthymia and agoraphobia on
July 21, 2005, but had not seen a psychiatrist as of August 2007.  AR 196.  At
that time, Clark was noted as pleasant, made eye contact, was appropriately
dressed and groomed, had normal cognitive function, but was somewhat
emotionally withdrawn.  AR 197-98.
    On October 28, 2007, an examining physician conducted a mental status
examination, which was within normal limits except for 0 out of 3 items recalled
after 3 minutes and Clark's own report of "poor" mood.  AR 19, 255-56.  Clark
was diagnosed with depression NOS, moderate stressors, and a GAF of 55,
which indicates moderate symptoms.  AR 256.  The doctor opined Clark had no
impairment in his ability to understand, remember, and perform instructions for
simple tasks, and was mildly impaired for complex tasks.  *Id.*  No psychiatric
factors were identified that would significantly interfere with Clark's ability to
complete a normal work day, except for Clark's self-reported mental problems.
*Id.*
    On January 24, 2008, a nurse filled out a Medical Source Statement –
Mental.  AR 281-82.  She indicated Clark's ability to understand and remember
simple to complex instructions was good.  AR 281.  He was articulate and
"verbalizes understanding of instructions."  *Id.*  His ability to carry out instructions,
attend and concentrate, and work without supervision was fair because "he has
difficulty working out of his comfort zone of home."  *Id.*  His ability to interact
socially was poor.  AR 282.  He "basically stays at home and avoids contact with
other people."  *Id.*  He had a fair ability to adapt to changes in the workplace.  *Id.*

1
2
3

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter*, 504 F.3d at 1035-36.

4
5
6
7
8
9

At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (citing *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).  The ALJ found that Clark's "medically determinable impairments could reasonably be expected to cause the alleged symptoms."  AR 21.

10
11
12
13
14
15
16
17
18
19

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of [the claimant's] symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted).  "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).  "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas*, 278 F.3d at 958-59 (citing *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999)).

20
21
22
23
24
25
26

Here, the ALJ made no finding of malingering.  The ALJ found that Clark's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment."  AR 21.  The ALJ discounted Clark's credibility for at least three reasons:  (1) the objective medical evidence in the record did not support the degree of Clark's complaints; (2) minimal treatment; and (3) non-compliance with treatment.  AR 22.

27
28

Again, the ALJ's assessment of credibility as to mental restrictions was predicated in material part on the absence of any treatment by a psychiatrist,

8

1   psychologist or other mental health professional.  AR 22.  The new evidence

2   submitted to the Appeals Council bears on the ALJ's findings as to the lack of

3   objective medical evidence, minimal treatment and noncompliance.  The new

4   evidence includes mental status examinations and progress notes from Clark's

5   individual therapy sessions through the Antelope Valley Mental Health Center

6   dating from August 2008.  AR 435-40, 444-60.

7        Remand is appropriate so the ALJ may consider the new evidence and

8   determine whether it affects his findings as to Clark's credibility.

9        **E.   Lay Witness Testimony**

10       Clark contends the ALJ erred by failing to give "proper reasons" for

11  rejecting the third party statement of Clark's daughter.

12       "In determining whether a claimant is disabled, an ALJ must consider lay

13  witness testimony concerning a claimant's ability to work."  *Stout v. Comm'r of*

14  *Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006).  "When an ALJ discounts

15  the testimony of lay witnesses, 'he [or she] must give reasons that are germane

16  to each witness.'"  *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694

17  (9th Cir. 2009) (citation omitted).

18       The ALJ stated that he had "considered the allegations" in the daughter's

19  third party function reports and her testimony at the hearing.  AR 22.  The ALJ

20  discounted the daughter's allegations, which were similar to the allegations in

21  Clark's function report, for generally the same reasons he gave for discounting

22  Clark's credibility.  AR 22.  The ALJ found the daughter's allegations were not

23  supported by medical evidence and were inconsistent with Clark's treatment.  *Id.*

24       On remand, the ALJ should likewise consider the lay witness statements in

25  light of the new evidence submitted to the Appeals Council for the period

26  beginning August 2008.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.**

**<u>ORDER</u>**

IT IS HEREBY ORDERED that this matter is remanded for further proceedings consistent with this Opinion.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: May 24, 2012

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

10